IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| TODD BELLOWS, | * |
| Plaintiff, | * |
| | * |
| v. | CIVIL NO.: WDQ-15-885 |
| | * |
| DARBY LANDSCAPING, *et al.*, | |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Todd Bellows sued Darby Landscaping and Todd Dylan Darby
(together, "Darby") for unpaid overtime under the Fair Labor
Standards Act ("FLSA")[1] and Maryland Wage and Hour Law ("MWHL").[2]
ECF No. 1.  Pending is Darby's motion to dismiss, or for summary
judgment.  ECF No. 10.  No hearing is necessary.  Local Rule
105.6 (D. Md. 2014).  For the following reasons, Darby's motion,
construed as one for summary judgment, will be granted.

---

[1] 29 U.S.C. §§ 201, *et seq.* (2012).

[2] Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.* (West 2010).

I.   Background[3]

Darby Landscaping is a lawn and landscaping business owned by Todd Dylan Darby that provides services solely in Maryland. ECF Nos. 1 ¶¶ 9-10; 10-2 ¶¶ 1, 10.[4]   According to tax returns filed with the Internal Revenue Service, Darby Landscaping had gross revenues of $445,288 in 2011, $482,312 in 2012, and $442,543 in 2013.   *See* ECF No. 10-1 at 4, 9, 14.[5]   According to a profit and loss statement prepared by Darby Landscaping, in 2014 the business had $459,841.88 in gross revenue.   *Id.* at 16.

From 2009 to 2014, Bellows was a lawn foreman for Darby Landscaping.   ECF Nos. 1 ¶ 28; 12-1 ¶ 2.   In that capacity, Bellows used "insecticides, fertilizers, chemicals, power tools,

---

[3] The facts are from the complaint, ECF No. 1, and exhibits attached to Darby's motion, ECF Nos. 10-1, 10-2, and Bellows's response, ECF No. 12-1.   In reviewing a motion for summary judgment, the nonmovant's evidence "is to be believed, and all justifiable inferences are to be drawn in [his] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).

[4] Darby Landscaping is a sole proprietorship.   ECF No. 10-2 ¶ 2.

[5] Darby avers that the tax returns and 2014 profit and loss statement "represent[] all of the income earned by . . . Darby Landscaping during those years."   *Id.* ¶¶ 5, 8 (internal quotation marks omitted).   In contrast, Bellows avers that
> many of our jobs were paid in cash and may not have been completely recorded by [Darby].   For example, if someone needed their grass cut as a one[-]time thing, we were told it had to be cash.   That was around $40 and it happened almost daily.   I believe the yearly revenue . . . was more than $500,000 per year.   We performed too many jobs for the revenue to have been less than that.

ECF No. 12-1 ¶ 8.

and vehicles" that he believes "were manufactured out of state." ECF No. 12-1 ¶¶ 4-6.  However, those items were bought in Maryland.  ECF No. 10-2 ¶ 12.  Although Bellows worked solely in Maryland, *id.* ¶¶ 10, 14, he used federal interstate highways to travel to various jobs, ECF No. 12-1 ¶ 7.

On March 27, 2015, Bellows sued Darby for FLSA and MWHL violations.  ECF No. 1.[6]  On July 17, 2015, Darby moved to dismiss, or for summary judgment.  ECF No. 10.  On August 3, 2015, Bellows opposed the motion.  ECF Nos. 11.[7]

II.  Analysis

A.  Legal Standard

Darby's motion is captioned as a motion to dismiss under Rule 12(b)(6)[8] or, in the alternative, for summary judgment under Rule 56.[9]  ECF No. 10 at 1, 11.  A motion with this caption implicates the Court's discretion under Rule 12(d)[10] of the Federal Rules of Civil Procedure.  *See Kensington Vol. Fire*

---

[6] Counts one and two allege FLSA violations; counts three and four allege MWHL violations.  ECF No. 1 at 6-9.

[7] Also on August 3, 2015, Bellows filed declaration in support of his opposition.  ECF Nos. 12, 12-1.  Darby's reply was due on August 20, 2015; he has not replied.  *See* Docket.

[8] Fed. R. Civ. P. 12(b)(6).

[9] Fed. R. Civ. P. 56.

[10] Fed. R. Civ. P. 12(d).

*Dept., Inc. v. Montgomery County*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011).

Ordinarily, the Court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). However, under Rule 12(d), the Court, in its discretion, may consider matters outside the pleadings; if the Court does so, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).[11] When the movant expressly captions its motion "in the alternative" as one for summary judgment, and submits matters outside the pleadings for the Court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the Court "does not have an obligation to notify parties of the obvious."

---

[11] A district judge has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." 5 C Wright & Miller, Federal Practice and Procedure § 1366, at 159 (3d ed. 2004, 2011 Supp.). This discretion "should be exercised with great caution and attention to the parties' procedural rights." *Id.* at 149. In general, courts are guided by whether consideration of extraneous material "is likely to facilitate the disposition of the action," and "whether discovery prior to the utilization of the summary judgment procedure" is necessary. *Id.* at 165-67.

*Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998).

Bellows has had adequate notice that Darby's motion might be treated as one for summary judgment. The motion's alternative caption and attached materials are themselves sufficient indicia. *See Laughlin*, 149 F.3d at 260-61. Additionally, Bellows has submitted a declaration containing factual assertions in response to the motion. *See* ECF No. 12-1.[12]   If Bellows had thought that discovery was necessary to adequately oppose summary judgment, Rule 56(d) (formerly Rule 56(f)) obligated him to state reasons for his need in an affidavit. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 & n.6

---

[12] It is unclear whether Bellows intended the affidavit to respond to the motion for summary judgment, or to prove the Court's subject matter jurisdiction over his federal claim. *See* ECF No. 11 at 2 ("The [C]ourt is free to entertain evidence outside the pleadings[,] including affidavits."); *id.* at 2. n. 10 (*citing Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (discussing the documents courts may review on a motion to dismiss for lack of subject matter jurisdiction)).  Although Darby (incorrectly) contends that the instant motion "implicates both the Court's jurisdiction *and* the merits of the case," ECF No. 10 at 2 (emphasis added), the motion clearly arises under Rules 12(b)(6) and 56; nowhere does the motion cite Rule 12(b)(1), applicable to motions to dismiss for lack of subject matter jurisdiction, *see id.* at 1, 2, 11.  Further, the subject of Darby's motion-- FLSA coverage--is an element of Bellows's FLSA claim; it "*is not a jurisdictional issue.*" *Ramirez v. Amazing Home Contractors, Inc.*, No. CIV. JKB-14-2168, 2015 WL 4282130, at *4 & n.2 (D. Md. July 14, 2015) (*citing Arbaugh v. Y & H Corp.*, 546 U.S. 500, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006))(collecting cases for the proposition that FLSA coverage is an element of the plaintiff's claim).

(1986).[13]  He has not done so.[14]  Therefore, the Court will

consider the affidavits and materials submitted by the parties

and will treat Darby's motion as one for summary judgment.

---

[13] *See also* Fed. R. Civ. P. 56(d); *Laughlin*, 149 F.3d at 261
(refusing to overturn district court's grant of summary judgment
on assertions of inadequate discovery when the nonmoving party
failed to make an appropriate motion under Rule 56(f)); *Hamilton
v. Mayor & City Council of Baltimore*, 807 F. Supp. 2d 331, 342
(D. Md. 2011) (construing motion as one for summary judgment
when--although the "case [was] in the early stage[s] of
litigation"--the plaintiff had failed to file a Rule 56(d)
affidavit or show that discovery was needed).

[14] Bellows's opposition argues that, without discovery, the Court
cannot determine Darby's annual income because Darby "[has] not
provided information to show that no unreported cash payments"
were made.  ECF No. 11 at 7.  He further contends that "[i]t is
not an irrational inference to assume that an unscrupulous
employer . . . [is] incorrectly report[ing] its taxes." *Id.* at
7-8.  However, the nonmovant must show through affidavits--not
mere speculative argument--that he cannot yet properly oppose a
motion for summary judgment. Fed. R. Civ. P. 56(d); *Evans v.
Techs. Apps. & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996).  The
Fourth Circuit "place[s] great weight on the Rule 56[d]
affidavit." *Evans*, 80 F.3d at 961. "The purpose of the
affidavit is to ensure that the nonmoving party is invoking the
protections of Rule 56[d] in good faith and to afford the trial
court the showing necessary to assess the merits of a party's
opposition." *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F
.3d 214, 244 (4th Cir.2002) (quotation marks omitted).  Further,
Bellows's speculation and attempt to shift the burden on an
essential element of his claim to Darby--even had it been
presented in an affidavit--is insufficient under Rule 56(d).
*See Radi v. Sebelius*, 434 F. App'x 177, 178 (4th Cir. 2011)("A
Rule 56[d] affidavit that conclusorily states that discovery is
required is insufficient; the affidavit must specify the reasons
the party is unable to present the necessary facts and describe
with particularity the evidence that the party seeks to
obtain.") (*citing Trask v. Franco*, 446 F.3d 1036, 1042 (10th
Cir. 2006)).

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a);[15] *Celotex Corp.*, 477 U.S. at 322.  In considering the motion, the judge's function is "not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

The Court must "view the evidence in the light most favorable to . . . the nonmovant and draw all reasonable inferences in [its] favor," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the Court must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial," *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (citation and internal quotation marks omitted).  The opposing party must produce evidence upon which a reasonable fact finder could rely. *Celotex*

---

[15] Federal Rule of Civil Procedure 56(a), which "carries forward the summary-judgment standard expressed in former subdivision (c)," changed "genuine 'issue' [to] genuine 'dispute,'" and restored the word "'shall' . . . to express the direction to grant summary judgment."  Fed. R. Civ. P. 56 advisory committee's note.

*Corp.*, 477 U.S. at 322-23.  The mere existence of a "scintilla" of evidence is insufficient to preclude summary judgment. *Anderson*, 477 U.S. at 252.

> B.   Darby's Motion

Darby contends that summary judgment is merited because Bellows cannot demonstrate "individual" or "enterprise" coverage under the FLSA.  ECF No. 10 at 6, 8.  Bellows contends that he is entitled to individual and enterprise coverage.  ECF No. 11 at 3, 6.

The FLSA's overtime provisions apply to *employees* "who in any workweek [are] engaged in commerce or in the production of goods for commerce" ("individual coverage"), and to *employers* that are "enterprise[s] engaged in commerce or in the production of goods for commerce" ("enterprise coverage").  *See* 29 U.S.C. § 207(a)(1); *Russell v. Cont'l Rest., Inc.*, 430 F. Supp. 2d 521, 524 (D. Md. 2006); *Ramirez*, 2015 WL 4282130, at *2.  "Commerce" means "trade, commerce, transportation, transmission, or communication *among the several States* or between any State and any place outside thereof."  29 U.S.C. § 203(b) (emphasis added).  Relevant to enterprise coverage, an "[e]nterprise in commerce or in the production of goods for commerce" means an enterprise that "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials

8

that have been moved in or produced for commerce by any person,"
and has an "annual gross volume of sales made or business done
[that] is not less than $500,000."  *Id.* § 203(s)(1)(A).

### 1.   Individual Coverage

Darby argues that Bellows is not entitled to individual
coverage because Bellows performed services solely in Maryland,
Darby buys "all goods and materials for the business in
Maryland," and no goods or materials travelled in interstate
commerce "as part of the operation of the business."  ECF No. 10
at 10.  Bellows agrees that goods and materials were bought in
Maryland; however, he argues that his handling of goods that had
traveled in interstate commerce, for the purpose of "provid[ing]
services to clients, who are the end customers," demonstrates
his entitlement to individual coverage.  ECF No. 11 at 3-4.

To support his argument, Bellows relies solely on *Brock v.
Hamad*, 867 F.2d 804, 808 (4th Cir. 1989) ("[I]t is well
established that local business activities fall within the FLSA
when an enterprise employs workers who handle goods or materials
that have moved or have been produced in interstate commerce.").
*See* ECF No. 10 at 1, 3-5, & nn. 13-21.  However, *Brock* involved
enterprise--not individual--FLSA coverage.  *See Brock*, 867 F.2d
at 807-08.[16]  The sentence quoted by Bellows merely reflects the

---

[16] *See also Xelo v. Mavros*, No. 03-CV-3665 (NG)(MDG), 2005 WL
2385724, at *5 (E.D.N.Y. Sept. 28, 2005)(rejecting the

Fourth Circuit's understanding of the FLSA's definition of an "[e]nterprise in commerce or in the production of goods for commerce." *See id.* at 807 (discussing 29 U.S.C. § 203(s)); *see also id.* at 807-08 (citing cases applying § 203(s) to determine whether enterprise coverage applied).

Contrary to Bellows's argument, individual coverage focuses on the employee's--not the employer's--activities. *See Russell*, 430 F. Supp. 2d at 524. To determine whether an employee is "engaged in commerce," 29 U.S.C. § 207(a)(1), "the test is 'whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated, local activity," *Wirtz v. Modern Trashmoval, Inc.*, 323 F.2d 451, 457 (4th Cir. 1963)(*quoting Mitchell v. Lublin McGaughy and Assocs.*, 358 U.S. 207, 212, 79 S. Ct. 260, 3 L. Ed. 2d 243 (1959)) (employees who collected and disposed of trash in Maryland were not entitled to individual coverage).

It is well settled that individual coverage does not apply to "employees who handle [interstate] goods after acquisition by a merchant for general local disposition." *McLeod v. Threlkeld*, 319 U.S. 491, 493-94, 63 S. Ct. 1248, 1250, 87 L. Ed. 1538 (1943); *see Russell*, 430 F. Supp. 2d at 526 ("Plaintiff's

---

plaintiff's reliance on *Brock* for individual coverage because "*Brock* dealt only with FLSA enterprise commerce requirements").

handling of [restaurant] produce that may or may not have out-of-state origins does not demonstrate that Plaintiff was engaged in interstate commerce."); *Ramirez*, 2015 WL 4282130, at *1, 3 (roofing and landscaping company's employee was not entitled to individual coverage).[17] Thus, Bellows's handling of interstate goods for purely local purposes is insufficient to convey individual coverage.[18]

    2.   Enterprise Coverage

Darby argues that Bellows is not entitled to enterprise coverage because Darby Landscaping has less than $500,000 in annual gross revenue. ECF No. 10 at 6-7. Bellows argues that Darby has "failed to affirmatively prove" that Darby Landscaping did not have "unreported cash payments," and this "failure to

---

[17] *See also Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1267 (11th Cir. 2006) ("Moreover, the fact that some of the tools he purchased may have crossed state lines at a previous time does not in itself implicate interstate commerce. When goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further intrastate movement of the goods are not covered under the Act.").

[18] Bellows avers that he used interstate highways to travel to certain jobs. *See* ECF No. 12-1 ¶ 7. Although he does not argue that he is entitled to individual coverage on that basis, such an argument would fail because mere use of interstate highways is insufficient to find that Bellows engaged in commerce. *Cf. Crook v. Bryant,* 265 F.2d 541, 543 (4th Cir. 1959) (tow truck drivers who cleared cars from interstate highways were engaged in commerce because they "helped to keep the interstate flow of traffic free and unobstructed").

provide evidence . . . creates doubt" about the business's gross revenues.  ECF No. 11 at 6-8.

Contrary to Bellows's contention, he--not Darby--bears the burden of providing evidence on the essential elements of his claim.  *See Celotex Corp.*, 477 U.S. at 322-23.[19]  Courts in this District--and elsewhere--rely on income tax records to determine whether the $500,000 gross revenue requirement under 29 U.S.C. § 203(s)(1)(A) is met.  *See Russell*, 430 F. Supp. 2d at 524 (plaintiff failed to establish enterprise coverage when the defendant submitted an affidavit and tax returns showing less than $500,000 in gross sales; declining to defer ruling pending further discovery);[20] *Aguilar v. LR Coin Laudromat, Inc.*, No. CIV.A. RDB-11-02352, 2012 WL 1569552, at *4 (D. Md. May 2, 2012); *Flores v. Nuvoc, Inc.*, 610 F. Supp. 2d 1349, 1355 (S.D. Fla. 2008) *aff'd sub nom. Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217 (11th Cir. 2010) ("Recent decisions by district courts in this circuit have held that an enterprise's

---

[19] *See also Ramirez*, 2015 WL 4282130, at *2 ("Here, Plaintiff will bear the burden of proof on this element at trial, and thus Plaintiff must make a showing sufficient to establish the existence of FLSA coverage to survive Defendants' motion for summary judgment.").

[20] *See also Diaz v. HBT, Inc.*, No. RWT 11CV1856, 2012 WL 294749, at *4 (D. Md. Jan. 31, 2012) ("In *Russell*, Judge Williams correctly decided that the defendant did not satisfy the enterprise coverage standard because the parties did not dispute that the defendant's annual gross volume of sales was less than $500,000.").

total gross volume or business done may be determined from its

tax returns.")(collecting cases).  Though a plaintiff may rebut

a defendant's reliance on tax returns with *evidence*

demonstrating that the defendant has underreported its income,[21]

*conclusionary assertions* are insufficient.[22]

Here, Bellows proffers nothing more than his "belie[f]"

that Darby Landscaping's annual revenue was more than $500,000

because one-time jobs were paid for in cash.  ECF No. 12-1 ¶ 8.

Bellows's speculation is insufficient to rebut Darby's tax

returns.  *See Nat'l Enterprises, Inc. v. Barnes*, 201 F.3d 331,

335 (4th Cir. 2000) (self-serving affidavit insufficient to

defeat summary judgment) (*citing Anderson*, 477 U.S. at 249, 106

S. Ct, 2505); *see also Lopez*, 2007 WL 4247646, at *3; *cf. Rains*,

820 F. Supp. 2d at 749-50.  Thus, Bellows has not shown that he

is entitled to enterprise coverage.

Accordingly, Darby is entitled to summary judgment on

Bellows's FLSA claim.  Because this Court has dismissed

---

[21] *See Rains v. E. Coast Towing & Storage, LLC*, 820 F. Supp. 2d 743, 749-50 (E.D. Va. 2011) (the plaintiff proffered his testimony, and that of two other employees, that the business "towed at least 15-24 vehicles per day" at "between $125.00 and $140.00" per vehicle, thereby demonstrating that the business earned at least $684,375 annually).

[22] *Lopez v. Top Chef Inv., Inc.*, No. 07-21598-CIV, 2007 WL 4247646, at *3 (S.D. Fla. Nov. 30, 2007) (granting summary judgment for the defendant when tax returns showed less than $500,000 in cash receipts; declining to credit the plaintiff's conclusionary assertions that the defendants had underreported its income).

Bellows's federal claim, it must decide whether to exercise
supplemental jurisdiction over his MWHL claims under 28 U.S.C.
§ 1367(a) (2012).[23]

Under 28 U.S.C. § 1367(c), the Court may decline to
exercise supplemental jurisdiction over state law claims if it
"has dismissed all claims over which it ha[d] original
jurisdiction."[24]  District Courts have "wide latitude in
determining whether or not to retain jurisdiction over state
claims when federal claims have been extinguished." *Shanaghan
v. Cahill*, 58 F.3d 106 (4th Cir. 1995).

Bellows's MWHL claim involves issues of state law that are
best resolved by Maryland courts.  Accordingly, the Court will
dismiss without prejudice Bellows's MWHL claim. *See ESAB Group,
Inc.*, 685 F.3d at 394 ("[D]istrict courts retain inherent
authority, once they have decided under § 1367(c) not to
exercise jurisdiction, to remand these claims to state court.");
*see also Russell*, 430 F. Supp. 2d at 527-28 (declining to

---

[23] The Court lacks diversity jurisdiction because the parties are
citizens of the same state--Maryland. *See* ECF No. 1; 28 U.S.C.
§ 1332 ("The district courts shall have original jurisdiction of
all civil actions where the matter in controversy exceeds the
sum or value of $75,000, exclusive of interest and costs, and is
between .. citizens of different States").

[24] *See ESAB Grp., Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 394 (4th
Cir. 2012) (Section 1367(c) recognizes courts' authority to
decline to exercise supplemental jurisdiction in limited
circumstances, including, as occurred here, where the court
dismisses the claims over which it has original jurisdiction.").

14

exercise supplemental jurisdiction over state law claims related to the plaintiff's FLSA claim); *Ramirez*, 2015 WL 4282130, at *3 (same); *Aguilar*, 2012 WL 1569552, at *7 (same).

III. Conclusion

For the reasons stated above, Darby's motion, construed as one for summary judgment, will be granted.  The Court will dismiss without prejudice Bellows's state law claims.


_1/21/16_
Date

William D. Quarles, Jr.
United States District Judge

15